WEBER ELECTRIC CO. v. NATIONAL GAS & ELECTRIC FIXTURE CO.
(UNION ELECTRIC CO., Intervener).

(Circuit Court of Appeals, Second Circuit. February 10, 1914.)

No. 123.

1. PATENTS (§ 328*)—VALIDITY—CONSTRUCTION—CLAIMS.

Weber patent, No. 916,812, claim 2, for an incandescent electric lamp socket, calling for "other interengaging means" for preventing a relative rotative movement of the interlocking tubular members of the socket than that described, was void as in effect covering all the various interengaging means of the prior art.

2. PATENTS (§ 328*)—VALIDITY—INCANDESCENT LAMP SOCKETS.

Weber patent, No. 916,812, for an incandescent lamp socket, claims 1, 3, 8, 13, and 14, held valid and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding a patent valid and infringed. The patent is No. 916,812, issued March 30, 1909, to August Weber and others for an "Incandescent Electric Lamp Socket." The claims sustained are numbers 1, 2, 3, 8, 13, and 14. The opinion of the District Judge will be found in 204 Fed. 79.

See, also, 212 Fed. 948, 129 C. C. A. 468.

F. C. Lowthorp, of Trenton, N. J., for appellant.

F. C. Curtis, of Troy, N. Y., for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This patent covers an improvement on an earlier device, the patent for which is considered in an opinion handed down at the same time with this one. The socket as thus improved has an additional protection against rotation by a cut-metal engagement of parts 19 and 20. We think the improvement was novel and meritorious and concur fully with Judge Ray's reasoning and conclusions.

We think, however, that he erred in holding the second claim to be valid. The first two claims read as follows:

"1. In a device of the class described and in combination, a pair of tubular, sheet-metal members, one adapted to telescopically receive the other, having

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes .

mutually abutting cut-metal edges on the respective members to prevent relative rotative movement, and automatically interlocking means for preventing a telescopic movement of separation of one member from the other, said means permitting, without manipulation thereof, the telescopic application of the members to each other.

"2. In a device of the class described and in combination, a pair of interlocking, tubular sheet-metal members, one adapted to telescopically receive the other, having mutually abutting cut-metal edges on the respective members to prevent a telescopic movement of separation of one member from the other when interlocked; and having other interengaging means for preventing a relative rotative movement of the interlocked members."

[1] Claim 1, it will be observed, specifies the means for preventing relative rotative movement, viz., "mutually abutting cut-metal edges on the respective members." This means we are satisfied was patentable being an advance over whatever other means in the prior art had been employed to prevent relative rotation. But the second claim calls merely for "other interengaging means" for preventing relative rotation. This phrase would cover all the various interengaging means of the prior art, but the advance is a narrow one and the patent can be sustained only for the precise means which the patentee showed would accomplish the result. If claim 2 stood alone it might be saved by reading into it the specific device, but if this were read in it would be a mere duplicate of claim 1.

[2] With the elimination of claim 2 the decree of the District Court is affirmed, with five-sixths costs of this appeal to complainant.